STATE OF NORTH CAROLINA v. LEWIS DONALD STANLEY.

(Filed 10 July 1968.)

APPEAL by defendant from *Hall, J.*, 13 February 1968 Regular Criminal Session of DURHAM Superior Court.

Defendant was indicted under a bill of indictment, proper in form, charging him with felonious assault on one Lee Pollock.

Briefly summarized, the evidence tends to show the following: Defendant and his sister resided in the same house in Durham, and Lee Pollock entered the home at about 8:15 p.m. as a guest of defendant's sister. Some time later, defendant and his sister were in the kitchen and began arguing about defendant's girl friend. There were some six or eight people in the small house at the time. Defendant had a pistol in his possession, threatened to kill someone, and looked at Pollock. Pollock pushed or grabbed defendant and pinned him against a cabinet. Pollock either released the defendant or was pulled from him, after which defendant took his 38-caliber pistol from his pocket and said to Pollock: "Lee, you get out of my house." Pollock, with no weapon, started toward defendant and defendant shot Pollock from a distance of eight feet. The bullet entered Pollock's left side, and defendant ran out of the back door of the house. Pollock was taken to the hospital where he received treatment for eighty-eight days, undergoing six operations involving the removal of his gall bladder and two ribs and repair of his liver and intestine.

The jury found the defendant guilty of assault with a deadly weapon, and the judgment of the court was that the defendant be imprisoned for two years, assigned to work under the supervision of the Department of Corrections, but with recommendation that he be granted the privilege of working under the work release program. Defendant appealed.

*T. Wade Bruton, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*M. Hugh Thompson, Attorney for defendant appellant.*

BRITT, J.  Defendant's two assignments of error relate to Judge Hall's charge to the jury. He contends that His Honor failed to charge the jury "upon all the law as raised by the evidence, under G.S. 1-180"; also, that His Honor failed to charge the jury properly regarding the right of the defendant to defend his home.

We have carefully reviewed the charge and find that the learned trial judge properly charged the jury on all questions. He correctly instructed the jury regarding self-defense and other contentions of the defendant. Defendant's assignments of error are overruled.

Although defendant's counsel did not comply with our Rule 19 (d) (2), we have carefully reviewed the entire record. Defendant had a fair trial, free from prejudicial error, and the sentence imposed was within the limits prescribed by statute. The judgment of the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.